

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2002

# Bresko v. John

Precedential or Non-Precedential:

Docket 0-4116

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bresko v. John" (2002). *2002 Decisions.* Paper 166.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/166

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT


No. 00-4116


ROBERT BRESKO,
                    Appellant

v.

ROBERT JOHN, Detective, Shamokin Police Department;
ANTHONY J. ROSINI, District Attorney, Northumberland County


No. 00-4251


ROBERT BRESKO,
                    Appellant

v.

ROBERT JOHN, Detective, Shamokin Police Department;
DISTRICT ATTORNEY OF NORTHUMBERLAND COUNTY


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 00-cv-01472)
District Judge:  Hon. James F. McClure, Jr.

                     Submitted Under Third Circuit LAR 34.1(a)
                              February 4, 2002

          Before:  SLOVITER, AMBRO, Circuit Judges, POLLAK, District Judge

                       (Filed  March 12, 2002)


                             OPINION OF COURT


SLOVITER, Circuit Judge.

                    FACTS AND PROCEDURAL BACKGROUND
     Appellant Robert Bresko was charged in a Pennsylvania state court
with ten
violations of the Pennsylvania Crimes Code arising from the alleged rape
of Desiree
Burns, the woman with whom he cohabited.  Based on information provided by
Burns to
Detective Robert John of the Shamokin Police Department, Detective John
filed a
probable cause affidavit and a criminal complaint in the District Justice
Court of
Northumberland County, which the District Justice reviewed and approved,
issuing a
warrant for Bresko's arrest.  On March 28, 1999, John arrested Bresko
pursuant to the
warrant.
     Shortly after Bresko's arrest, John contacted Officer Charles Pensyl
of the Coal
Township Police Department and informed him of Bresko's arrest.  John, who
was aware
of the police investigation into the murder of Matthew Hoy and apparently
believed that
Bresko might have relevant information, told Pensyl that the charges that
gave rise to
Bresko's arrest were going to "go away" and a deal could be made for
Bresko's
cooperation in the Hoy murder investigation.  The next day, John told
Bresko that if he
contacted Pensyl, John would do something about the charges pending
against him.
     Pensyl contacted Bresko's attorney and advised him that the charges
against
Bresko would "go away" if Bresko provided information to the police about
the pending
Hoy murder investigation.  Bresko agreed to assist Pensyl in exchange for
the withdrawal
of charges against him.  Thereafter, on April 15, 1999, John and Pensyl
met with Bresko
and his attorney and they orally agreed to a Cooperation Agreement whereby
Bresko

would cooperate with the murder investigation in exchange for the withdrawal of the charges against him arising from the alleged rape of Burns. In accordance with this Cooperation Agreement, Bresko made a several-hour statement that provided the Coal Township police with information needed to pursue a specific suspect in the murder investigation.

On May 11, 1999, William Cole, an Assistant District Attorney for Northumberland County, negotiated an agreement with Bresko and his attorney based on the Cooperation Agreement and Bresko's satisfaction of its terms. Under the terms of that agreement, Bresko would plead guilty to certain unrelated charges and he would waive the preliminary hearings for both these unrelated charges and those arising from the alleged rape. In return, the District Attorney would, inter alia, recommend to the sentencing judge that Bresko be given no additional prison time and that no parole violation would be issued against Bresko. Pennsylvania's courts have interpreted Pennsylvania Rule of Criminal Procedure 590 to mean that "no plea agreement exists unless and until it is presented to the court." Commonwealth v. McElroy, 665 A.2d 813, 816 (Pa. Super. 1995); see also Commonwealth v. Spence, 627 A.2d 1176, 1184 (Pa. 1993). The agreement between Bresko and the District Attorney's office was not reduced to writing nor was it presented to the court.

Later that month, in the presence of John, Pensyl, and Bresko's attorney, Cole asked the Court of Common Pleas of Northumberland County to release Bresko based on the Cooperation Agreement between John and Bresko and Bresko's cooperation in the murder investigation. Thereafter, the court released Bresko from custody and placed him under house arrest.

In January 2000, Anthony Rosini, the District Attorney of Northumberland County, informed Bresko's attorney that he would not honor the terms of the Cooperation Agreement and that he would continue to prosecute Bresko for the charges arising from the alleged rape of Burns. Bresko then filed a complaint against John and Rosini in the federal court under 42 U.S.C. 1983.

Bresko's complaint alleged that John deprived him of his Fourth Amendment

right to be free from unlawful arrest and seizure (1) by arresting Bresko without a reasonable good faith belief that he committed the crimes at issue and (2) by providing false and misleading information in the criminal complaint, in the Affidavit of Probable Cause, and to the District Attorney. Bresko sought, inter alia, an undetermined amount of damages, costs, and attorney fees.

Bresko's complaint also alleged that Rosini deprived Bresko of due process under the Fourth and Fourteenth Amendments by initiating and continuing a prosecution of Bresko despite the existence of the Cooperation Agreement and without a reasonable expectation of obtaining a valid conviction. Bresko sought, inter alia, an order compelling Rosini to honor the Cooperation Agreement and an injunction prohibiting him from prosecuting Bresko for crimes arising from the alleged rape. Both John and Rosini filed motions to dismiss, which the District Court granted on November 7, 2000.

The District Court dismissed the action against Rosini under the abstention doctrine enunciated in Younger v. Harris, 401 U.S. 37 (1971), which requires that a federal court should generally abstain from enjoining pending state criminal proceedings. The District Court dismissed the action against John on the ground that it was not ripe for adjudication. The court held that under Heck v. Humphrey, 512 U.S. 477 (1994), a 1983 plaintiff who alleges a "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," id. at 486, can recover damages only if the conviction or sentence has been reversed or called into question in some way. Bresko appeals the District Court's order dismissing his complaint.

Shortly after the District Court's order, Bresko filed an Omnibus Pretrial Motion in the Northumberland County Court of Common Pleas, where the criminal charges were pending, claiming that his arrest was unconstitutional and that his prosecution violated his constitutional right to fundamental fairness because it was contrary to the Cooperation Agreement. The state court rejected those contentions, based in part upon the requirements of Pennsylvania law that plea agreements be in writing. The court subsequently refused to certify the issue for appeal, and the Pennsylvania Superior Court

dismissed Bresko's attempt at appellate review.

After all the parties before us in this appeal submitted briefs on the issues raised by the dismissal, Assistant District Attorney Michael Toomey, with Rosini's authority, entered into a letter agreement with Bresko dated November 15, 2001 in which the District Attorney agreed to nol pros all of the original charges against Bresko in exchange for Bresko's pleading nolo contendere to two amended informations, one charging a simple assault and the other charging a simple assault by physical menance. Both charges are misdemeanors of the second degree. Pursuant to the written plea agreement, on November 19, 2001, Rosini filed both the nol pros motion of the original charges and the amended informations, to which Bresko pled nolo contendere. In light of this change in the underlying circumstances, we allowed the parties to submit supplemental briefs.

## JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. 1331 and 1343(a)(3) and (a)(4) over Bresko's claim against John and pursuant to 28 U.S.C. 1343(a)(4) and 42 U.S.C. 1983 over Bresko's claim against Rosini. This court has appellate jurisdiction pursuant to 28 U.S.C. 1291.

This court conducts a plenary review of a district court's decision to grant a motion to dismiss. City of Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 262 n.12 (3d Cir. 1998). For purposes of a motion to dismiss, this court accepts as true the allegations of the non-moving party and gives that party the benefit of all reasonable inferences drawn from allegations contained in the record. Id.

## DISCUSSION

A. Complaint against Rosini

In reviewing the District Court's dismissal of the complaint against Rosini, we must determine whether the following three requirements for Younger abstention were established:

> (1) there must be an ongoing state judicial proceeding to which the federal plaintiff is a party and with which the federal proceeding will interfere, (2) the state proceedings must implicate important state interests, and (3) the state proceedings must afford an adequate opportunity to raise the constitutional claims.

FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 843 (3d Cir. 1996).

In addition, we have stated that "[e]ven if these three elements are satisfied, abstention is not appropriate where the federal claimant makes a showing of bad faith, harassment, or some other extraordinary circumstance." O'Neill v. City of Philadelphia, 32 F.3d 785, 789 n.11 (3d Cir. 1994). Bresko has argued that all three exceptions to Younger abstention are applicable here.

It appears that the District Court's holding that Younger abstention required dismissal of Bresko's complaint against Rosini was not unreasonable in light of the then-ongoing state criminal proceedings against Bresko, proceedings in which Bresko could have raised his constitutional claims. Now that those criminal proceedings have terminated, abstention is no longer appropriate. We therefore will remand Bresko's complaint against Rossini to the District Court.

B. Complaint against John

The District Court dismissed Bresko's claim against Detective John on the ground that, under Heck v. Humphrey, 512 U.S. 477 (1994), Bresko's 1983 claim against John was not ripe because the criminal proceedings against him had not terminated in his favor. On appeal, Bresko argues that his claim against John is for false arrest and Heck is therefore inapplicable because, as we have stated, "a claim of unlawful arrest, standing alone, does not necessarily implicate the validity of a criminal prosecution following the arrest." Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) (quotation and citation omitted). In other words, Bresko argues that he can seek to recover damages for false arrest regardless of the outcome of the state criminal proceedings against him. We do not here address the merits of this argument. On remand, the District Court shall consider this argument if Bresko continues to press it.

John argues in his supplemental brief that Bresko's nolo contendere pleas to the amended informations, which charged facts underlying the arrest on the original criminal charges, collaterally estop Bresko from challenging the lawfulness of his arrest. He also argues that the state court's decision on Bresko's Omnibus Pretrial Motion acts to collaterally estop Bresko's claim. The state court denied Bresko's motion to vacate his

arrest, finding that John had probable cause to arrest Bresko. This decision was based on testimony from John and Cole, the Assistant District Attorney involved in the negotiation of the Plea Agreement and the arguments of both parties. Bresko responds that under Pennsylvania law a plea of nolo contendere cannot be used as an admission in any civil suit, including the pending 1983 action, and that application of collateral estoppel would not be appropriate in these circumstances.

The District Court did not reach these issues arising from Bresko's complaint against John because it dismissed the case before the termination of the criminal proceedings. That court did not have the opportunity to consider the parties' arguments in light of the changed circumstances, and it is unclear whether there are material factual issues to be resolved. Now that the criminal proceedings against Bresko have terminated, among the relevant questions to be considered are whether Heck applies and, if so, whether the proceedings have terminated in Bresko's favor. We will therefore remand Bresko's complaint against John to the District Court.

                                CONCLUSION

In light of the conclusion of the state court criminal proceedings against Bresko, the circumstances of this case have changed. Therefore, we will vacate the District Court's dismissal of Bresko's claims against Rosini and John, and will remand this case to the District Court for further proceedings.

_____

TO THE CLERK:

        Please file the foregoing opinion.


                _/S/ Dolores K. Sloviter_____
                        Circuit Judge