

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2004

# Bresko v. John

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1307

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bresko v. John" (2004). *2004 Decisions.* Paper 1062.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1062

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  03-1307

ROBERT BRESKO,

Appellant

v.

ROBERT JOHN, Detective,
Shamokin Police Department;
ANTHONY J. ROSINI, District
Attorney, Northumberland County

––––––––––––––––––––––––––

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge: The Honorable James F. McClure, Jr.
(00-CV-1472)

––––––––––––––––––––––––––

Submitted pursuant to Third Circuit LAR 34.1(a)
on January 9, 2004

Before: BARRY and SMITH, *Circuit Judges*,
and POLLAK, *District Judge*[*]

(Filed: January 29, 2004)

––––––––––––––––––

OPINION OF THE COURT
––––––––––––––––––

---

[*]The Honorable Louis H. Pollak, Senior District Judge for the Eastern District of Pennsylvania, sitting by designation.

SMITH, *Circuit Judge.*

Robert Bresko appeals the District Court's dismissal of his claims brought under 42 U.S.C. § 1983 against Detective Robert John, claiming false arrest in violation of the Fourth Amendment, and Northumberland County District Attorney Anthony Rosini, asserting that Rossini violated his due process rights under the Fourth and Fourteenth Amendments by prosecuting him for a rape charge while having no reasonable belief that the prosecution would be successful. This is the second time this matter has been before us on appeal. *See Bresko v. John*, Nos. 00-4116, 00-4251 (3d Cir. Mar. 12, 2002). Because the facts of this case were detailed in the previous appeal, we provide only a brief procedural history.

I.

Bresko filed his complaint in the District Court on August 16, 2000. At that time, Bresko's criminal proceeding was still pending in the state court. The District Court dismissed his complaint, abstaining from considering his claims against Rosini based on *Younger v. Harris*, 401 U.S. 37 (1971), due to the pending nature of the state criminal prosecution. The District Court also held that Bresko's claims against Detective John were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which prohibits the prosecution of a § 1983 claim which might call into question a plaintiff's conviction. After the District Court dismissed the complaint and before this Court decided the first appeal, the District Attorney agreed to a *nolle prosequi* of the original charges against Bresko in

2

exchange for his pleading *nolo contendere* to one charge of simple assault and one charge of simple assault by physical menace. Because *Younger* abstention was no longer appropriate, and because Bresko could properly raise the argument that his criminal prosecution was no longer called into question as barred by *Heck,* this Court vacated the District Court's dismissal in light of the conclusion of the state criminal prosecution, and we remanded for further proceedings.

On remand, the District Court determined that Bresko's claims against Detective John did not allege a Fourth Amendment violation and, therefore, that John was entitled to qualified immunity. It further held that District Attorney Rosini was entitled to absolute immunity from Bresko's claims because all alleged activities "were intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). The District Court dismissed Bresko's amended complaint in its order of January 6, 2003. Bresko filed a timely notice of appeal on January 30, 2003.[1]

II.

In order to recover under § 1983, Bresko must show that Detective John "engaged in conduct that deprived him of 'rights, privileges, or immunities' secured by the Constitution or laws of the United States." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000). Bresko claims that his arrest by Detective John was "pretextual, false without

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (a)(4). We have jurisdiction over Bresko's appeal pursuant to 28 U.S.C. § 1291.

probable cause and based upon material omissions to the issuing magistrate" and thus in violation of his Fourth Amendment rights. An arrest is violative of the Fourth Amendment where it is not supported by probable cause. *Orsatti v. New Jersey State Police*, 71 F.3d 781, 790 (3d Cir. 2000). Probable cause exists where the "facts and circumstances [are] sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)). Additionally, where an arrest is made pursuant to a warrant, as it was here, the plaintiff must show that "a reasonably well-trained officer in petitioner's position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant." *Malley v. Briggs*, 475 U.S. 335, 456 (1986). Stated another way, Bresko may show that a false arrest took place by proving that John obtained the warrant by (1) "knowingly and deliberately, or with a reckless disregard for the truth, ma[king] false statements or omissions that create[d] a falsehood" when he applied for a warrant and (2) that "such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson*, 212 F.3d at 787. Bresko cannot meet this standard.

The District Court appropriately determined that, taking all the allegations of the complaint as true, Bresko failed to establish a constitutional violation by Detective John. Detective John received information from Desiree Burns that Bresko had allegedly raped her. She provided a detailed statement of the alleged rape. This was sufficient to

4

establish probable cause to obtain a warrant. Bresko does not allege that John withheld information known to him at the time or made false statements to the issuing Judge. Bresko claims, however, that John should have done more investigation before applying for the arrest warrant. The issue "for Fourth Amendment purposes, . . . is not whether the information on which police officers base their request for an arrest warrant resulted from a professionally executed investigation." *Orsatti*, 71 F.3d at 484. Instead, it is simply whether probable cause existed. We conclude that it did. As explained in *Saucier v. Katz*, 533 U.S. 194, 201 (2001), "[i]f no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." Because Bresko fails to establish a Constitutional violation, the District Court properly dismissed his claim.

### III.

Bresko also claims that District Attorney Rosini violated his Fourth and Fourteenth Amendment rights by initiating the rape prosecution and continuing to pursue it in the face of a lack of evidence. Bresko also alleges that Rosini failed to abide by an earlier cooperation agreement despite the fact that Rosini had no reasonable expectation that Bresko would be convicted. The District Court appropriately determined that Rosini is entitled to absolute immunity from Bresko's suit.

It is well established that prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case. *Imbler*, 424

5

U.S. at 431. The decision whether to enter into a plea agreement or to pursue a trial is strictly within the discretion of the prosecutor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Santobello v. New York*, 404 U.S. 257 (1971) (plea bargaining is an essential component of our legal system); *Brooks v. George County*, 84 F.3d 157, 168 (5th Cir. 1997) (decision to enter a motion of *nolle prosequi* entitled to absolute immunity). Rosini is therefore entitled to absolute immunity for his decisions regarding plea bargains.[2]

We will therefore affirm the District Court's dismissal of Bresko's amended complaint against Detective John and District Attorney Rosini.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

 /s/ D. Brooks Smith
Circuit Judge

---

[2] Because a written plea agreement was submitted to and approved by the Northumberland County Court of Common Pleas, Bresko's request for injunctive relief is moot.